**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLES KINNEY,

Plaintiff,

vs. No. 1:25-cv-01087-WJ-DLM

SAN JUAN COUNTY,
BRIAN OVERTURF,
JERK IT AUTO PARTS, INC.,
JASON OVERTURF,
A-1 AUTO RECYCLERS,
JUDGE DAYLENE MARSH (RETIRED),
and DOES 1-20,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING SAN JUAN COUNTY'S MOTION TO DISMISS**

THIS MATTER is before the Court on Defendant San Juan County's Motion to Dismiss for Failure to State a Claim **[Doc. 17]**, Plaintiff Kinney's Opposition to San Juan County's Motion to Dismiss **[Doc. 26]** and Defendant San Juan County's Reply in Support of Motion to Dismiss for Failure to State a Claim **[Doc. 29]**. The Court grants Defendant San Juan County's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

**Rule 12(b)(6) Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When assessing plausibility, a plaintiff's allegations are 'read in the context of the entire complaint.'" *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207

(10th Cir. 2022) (citation omitted). Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

**<u>Plaintiff's Complaint Fails to State a RICO Claim Against San Juan County</u>**

Plaintiff's Complaint asserts a claim for "Fraud Against All with Predicate Acts for RICO claims." **[Doc. 1 at 2]**. As to Defendant San Juan County, the Complaint makes the following allegations:

> "SJC Ordinance No. 95 . . . was passed on 1/5/16 (and recorded on 1/6/16). Ord. 95 required certain steps to be taken by a business located in an unincorporated part of San Juan County. Ord. 95 requires the applicant to identify (under oath) whether it is an individual, a partnership, or a corporation." **[Doc. 1 at 4, ¶ 20.A]**.
>
> "[O]n 2/11/16, SJC employee, County Attorney Douglas A. Echols (who is no longer there), sent a letter to MVD on behalf of A-1 which said: 'in particular, there are no zoning regulations or business license requirements with regard to a business, A-1 Auto Recyclers, whose address is 99 Road 6100, Kirtland, NM 87417". That statement was a lie as to 'business license requirements' given the terms of Ord. 95. At the time, it appears A-1 was actually a 'partnership' involving Jason and JerkIt (and maybe Brian too)." **[Doc. 1 at 4, ¶ 20.B]**.
>
> "it appears a pattern of racketeering activity controlled or participated in by 2 or more people has occurred over the last 10 years, and those involved have engaged in 2 or more predicate acts (or offenses0 [e.g. . . .fraud by a public servant, the 2016 SJC County Attorney, to benefit A-1, JerkIt, Jason and/or Brian (made to the MVD in 2016 about the requirements of Ord. 95)]."

**[Doc. 1 at 5]**.

To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity." *George*

*v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016). "Racketeering activity" consists of the criminal offenses listed in 18 U.S.C. § 1961(1), and a "pattern" requires at least two racketeering acts committed within ten years of each other. 18 U.S.C. § 1961(5). *Johnson v. Heath*, 56 F.4th 851, 858-859 (10th Cir. 2022). 18 U.S.C. § 1962(c) prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, [from] conduct[ing] or participat[ing], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." To plead a valid RICO claim, a plaintiff must plausibly allege that a defendant (1) conducted or participated in the affairs "(2) of an enterprise (3) through a pattern (4) of racketeering activity." *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016); *Tal v. Hogan,* 453 F.3d 1244, 1269 (10th Cir. 2006). RICO also has a causation element. Under RICO's "by reason of" requirement under 18 U.S.C. § 1964(c), "to state a claim ... the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of [its] injury, but was the proximate cause as well.'" *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1088 (10th Cir. 2014).

An "enterprise" is "any individual, partnership, corporation, association, or other legal entity, and any union or groups of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "Racketeering activity" generally consists of the criminal offenses listed in 18 U.S.C. § 1961(1). A "pattern" involves two or more acts, sometimes called "predicate acts," of racketeering activity. *Id.* § 1961(5).

Plaintiff fails to plausibly allege a § 1962(c) violation, as he fails to plausibly allege (1) two or more predicate acts by San Jaun and (2) causation or an injury to warrant liability against San Juan under § 1962(c). Even assuming for purposes of the Motion that the letter sent by the County Attorney to MVD on February 11, 2016, was false, that single letter is insufficient to

constitute a "pattern of racketeering activity. *George v. Urb. Settlement Servs*., 833 F.3d at 1248. Nor does he allege how that letter was a proximate cause of any injury to him. *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d at 1088. The later 2018 letter does not alter the failure to plausibly plead a pattern and causation.

Plaintiff Kinney also argues that the U.S. Supreme Court case of *Salinas v. United States*, 522 U.S. 52 (1997) supports his position that he does not need to allege or establish a pattern of racketeering activity to support his claim against Defendant San Juan. **[Doc. 30]**. However, the *Salinas* case deals with the elements necessary to prove criminal conspiracy, not the elements of a civil RICO cause of action. As set out, below, the Court declines to take judicial notice and disagrees with Plaintiff's contention that he does not need to plausibly plead two predicate acts to establish a pattern of racketeering activity.

Plaintiff has failed to state enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, the Court will grant Defendant San Juan's Motion and dismiss Plaintiff's RICO claims against San Juan. Further, because the extensive filings in the record do not suggest any possible acts by San Juan other than the single letter cited by Plaintiff, the Court finds that any amendment would be futile in this case and will not grant leave to amend. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991); *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**<u>Plaintiff's Complaint Fails to State a Negligence Claim Against San Juan County</u>**

In the Second Count of his Complaint, Kinney states that "if there is insufficient evidence collected during discovery to show that each defendant acted intentionally and/or willfully" then he alleges claims of negligence. **[Doc. 1 at 9, ¶ 44]**. However, the allegations of his Complaint also fail to state a claim for negligence under the Rule 12(b)(6) standard.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). At the pleading stage, Plaintiff is not required to provide detailed factual allegations. However, Plaintiff must allege the grounds for entitlement to relief and provide more than labels and conclusions. *Id.* The factual allegations "must be enough to raise a right to relief above the speculative level," and "contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.,* at 556.

Neither Plaintiff's Complaint nor his Response to San Juan County's Motion to Dismiss provides any support, factual or otherwise, for his general negligence claim against Defendant San Juan. Plaintiff's Complaint does not identify any duty San Juan County owed to him, instead only suggesting negligence if evidence of intentional acts is not found. *Plaintiff's Complaint.* **[Doc. 1 at 9, ¶ 44]**. This speculative, alternative pleading, devoid of a cognizable duty or breach attributable to Defendant San Juan, fails to satisfy the pleading requirements of either Rule 8 or Rule 12(b)(6). Accordingly, Plaintiff's claim must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

**Plaintiff's Complaint Does Not State a Claim for Declaratory or Injunctive Relief**

Plaintiff also seeks declaratory and injunctive relief against Defendant San Juan. **[Doc. 1 at 10, ¶¶ 48-54]**. However, he provides no legal or factual basis and does not specify the relief sought as to San Juan County. Absent a viable underlying claim or a defined controversy with the Defendant San Juan, this count must also be dismissed,

The right to federal declaratory relief is created by the provisions of 28 U.S.C. § 2201. Under § 2201, the Court may "declare the rights and other legal relations of any interested party" in "a case of actual controversy within its jurisdiction." Similarly, under Fed. R. Civ. P. 65, a party is entitled to injunctive relief if he can show: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer future irreparable harm in the absence of relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

To survive a Motion to Dismiss, Plaintiff's declaratory and injunctive relief claims must satisfy the same fundamental pleading standards under Rule 12(b)(6). Plaintiff fails to plead facts establishing an actual controversy of sufficient immediacy and reality. *See United States v. Schlenker*, 24 F.4th 1301 (2022). Plaintiff also fails to provide any support for injunctive relief or demonstrate in any way there is continuing injury or threatened future injury rather than merely past harm. Therefore, his claims for injunctive and declaratory relief fail to state a claim under Rule 12(b)(6) and should be dismissed.

**Denial of Plaintiff's Requests for Judicial Notice**

Plaintiff Kinney has filed two requests for the Court to take judicial notice. **[Doc. 30, 31]**. The Court will deny Plaintiff's request for judicial notice of *Salinas v. United States*, 522 U.S. 52 (1997) **[Doc. 30]** on two grounds. First, U.S. Supreme Court decisions are considered to be legal precedent which this Court follows, not matters appropriate for judicial notice. *See, e.g.,* Fed. R. Evid. 201; *United States_v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007). Second, *Salinas* deals with the elements necessary to establish criminal conspiracy, not a civil RICO cause of action and, as such, is inapplicable to this case.

The Court will also deny the Plaintiff's request to take judicial notice of the San Juan County records **[Doc. 31]** as moot in light of the dismissal of Plaintiff's claims under Rule 12(b)(6).

**IT IS ORDERED: (1)** Defendant San Juan County's Motion to Dismiss for Failure to State a Claim **[Doc. 17]** is **GRANTED** and all claims and causes of action against Defendant San Juan County are **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted, and **(2)** Plaintiff Kinney's Request for Judicial Notice re: Reply By SJC and Request for Judicial Notice (re: SJC Documents) **[Doc. 30; Doc. 31]** are **DENIED**.

___/s/_______________________________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE